**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210232-U

Order filed December 1, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| WESLEY ESTATES, INC., an Illinois Corporation, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, McDonough County, Illinois. |
| Plaintiff, | ) ) | |
| (ALPHA J. BOURN; MARILYN J. BOURN; HELEN J. BRATTAIN a/k/a JACQUIE BRATTAIN; MARY ELLEN CLUGSTON; DOROTHY CHICK; TERRY COLLINS; BARBARA A. COLLINS; JOHN M. COPLAN; JANE C. COPLAN; JACK FAYHEE, as Trustee of the Grace G. Fayhee Irrevocable Trust; WALTER D. FRANKE; NORMA S. FRANKE; MARY R. GOECKNER; KEN L. HARP; JAN WIEHARDT, as representative of the Estate of George Hermann, deceased; MARY N. LAKE-HERMANN; DONNA HUGHES; SUSAN C. JERSEY; JUDITH K. JONES; PEGGY R. MA; DONALD MAPES; JOAN C. MAPES; RICHARD A. MATHERS; BLANCHE C. MATHERS; LLOYD B. MILLS; ALICE A. MILLS; MILDRED L. MOON, as Trustee of the Mildred L. Moon Trust; JOHN J. MOWERY; JUDITH M. MOWERY; CAROLYN COLVIN; JOHN D. PROVINE; SHELIA A. PROVINE; CAROL ROBERTS; JACQUELINE R. SEARS; MARGARET SHIFLEY; CLARA DARLENE TRONE; CECIL VANCIL; RICHARD VICK; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Appeal No. 3-21-0232 Circuit No. 18-TX-27 |

ANNE VICK; and MARJORIE R. WOLF,   )
  )
     Plaintiffs-Appellants,   )
  )
     v.   )
  )
ANGELA GRAVES, not Individually, but as   )
the Treasurer/Collector of McDonough   )
County, Illinois,   )     The Honorable
  )     Heidi A. Benson,
     Defendant-Appellee).   )     Judge, Presiding.

---

JUSTICE McDADE delivered the judgment of the court.
Justice Hauptman concurred in the judgment.
Justice Holdridge, dissented.

---

**ORDER**

¶ 1     *Held*:   The circuit court erred when it dismissed the plaintiffs' tax objection complaint.

¶ 2     The plaintiff, Wesley Estates, Inc., sought homestead and senior-citizen homestead exemptions for its members (the individually named plaintiffs) for tax year 2017 in McDonough County. Wesley Estates' property tax assessment did not contain any exemptions, so it appealed the assessment to the McDonough County Board of Review, which denied the appeal. Wesley Estates paid its 2017 property taxes and filed a tax objection complaint in the circuit court. Eventually, the named individual plaintiffs were added as parties and Wesley Estates was dismissed as a party. After a hearing, the circuit court granted a motion to dismiss with prejudice filed by the defendant, Angela Graves, after finding the membership agreements signed by the individually named plaintiffs failed to include certain statutory language that was required by the chief county assessment official to appear in lease agreements. On appeal, the plaintiffs argue that the circuit court erred when it granted Graves' motion to dismiss. We reverse and remand for further proceedings.

2

## I. BACKGROUND

Wesley Estates is an Illinois corporation "that provides independent residential living units to persons, most of whom are over age 65." Wesley Estates owned improved property in Macomb containing a number of residential duplexes. Pursuant to contracts titled "Wesley Estates Membership Agreement" (the Agreements), individuals over age 55 were permitted to live in the duplexes in exchange for a "Membership Fee." More specifically, the Agreements stated:

> "In consideration of the execution of this Agreement by MEMBER and the payment of the Membership Fee, WESLEY ESTATES shall provide to MEMBER a duplex unit for use only during the life of MEMBER (including the natural life of the survivor in the event of a Joint Membership), subject to the terms and conditions of this Agreement."

Among those terms and conditions was that

> "MEMBER agrees that this Agreement does not create any legal or record ownership interest in the real estate and property owned by WESLEY ESTATES and that this Agreement creates only an equitable interest in WESLEY ESTATES, subject to all the terms and conditions of this Contract."

Additionally, the Agreements required members of Wesley Estates to pay the property taxes on their respective duplexes.

The property tax assessment Wesley Estates received for tax year 2017 did not include any exemptions. Wesley Estates appealed the assessment on November 15, 2017, specifically seeking homestead and senior-citizen homestead exemptions. On November 21, 2017, the

3

McDonough County Board of Review issued a letter denying the appeal but did not state any reasons for the denial. Subsequently, Wesley Estates paid their 2017 property tax bill and filed a tax objection complaint in the circuit court on November 20, 2018. The complaint alleged that the residents of approximately 29 of the duplexes on Wesley Estates' property were improperly denied homestead and senior-citizen homestead exemptions from property taxes. The complaint referred to the Agreements as "contractual/lease arrangement[s]."

¶ 6        Graves filed a motion to dismiss the complaint, alleging that because it was a corporation, Wesley Estates lacked standing to claim entitlement to homestead and senior-citizen homestead exemptions. Graves' motion also noted that none of Wesley Estates' allegedly eligible members were included as plaintiffs. The circuit court agreed with Graves and granted her motion to dismiss without prejudice.

¶ 7        On August 7, 2019, Wesley Estates filed its first amended complaint, this time including the names of its members it alleged were entitled to the exemptions and setting each claim out in 29 total counts. Wesley Estates joined in the request for relief in each count.

¶ 8        Graves filed a motion to dismiss the first amended complaint, alleging once again that Wesley Estates lacked standing because it was a corporation. Additionally, the motion alleged that each of the individually named plaintiffs lacked standing because (1) they did not pay the property taxes due on the property, (2) the Agreement did not create leasehold interests in the property, and (3) even if it did, the duplexes were not single-family residences. Lastly, the motion alleged that even if the Agreements constituted leases, they did not contain certain language required by section 15-175(e)(4) of the Property Tax Code (the Code) (35 ILCS 200/15-175(e)(4) (West 2016)) to be included in leases.

4

¶ 9        After a hearing, the circuit court found that (1) Wesley Estates lacked standing and was dismissed as a plaintiff, (2) the individually named plaintiffs would not be dismissed because the Agreements required them to pay the property taxes on their duplexes, (3) whether a duplex was a single-family residence was a question of fact that was not appropriate for consideration on a motion to dismiss, and (4) although the Agreements in fact failed to include the requisite language from section 15-175(e)(4) of the Code, whether the Agreements constituted leases required clarification. Accordingly, the court dismissed the first amended complaint without prejudice.

¶ 10        On February 1, 2021, the circuit court granted the plaintiffs' motion for leave to file a second amended complaint *instanter*. The second amended complaint once again set forth 29 counts. Notably, the Agreements were referred to as "contractual arrangement[s]" rather than "contractual/lease arrangement[s]." The second amended complaint also cited an Internet dictionary definition of "lease" and argued that the Agreements had "the same form and function" as leases.

¶ 11        Graves filed a motion to dismiss the second amended complaint, alleging that even if the Agreements were leases, they failed to include the requisite statutory language and therefore could not provide a basis for claiming homestead or senior-citizen homestead exemptions. Attached to Graves' motion was the affidavit of Tammy Camp, the McDonough County Supervisor of Assessments and the Clerk of the McDonough County Board of Review. In relevant part, Camp stated in her affidavit that she did not believe the Agreements constituted leases. Even if they were, she still would have denied the homestead exemption requests:

"I require that any leaseholder applicant seeking the grant of a
homestead exemption produce a written lease agreement containing the

statutory language that is set forth in 35 ILCS 200/15-175(e)(4), and, if that statutory language is not present I always determine that the residential property is ineligible to receive a homestead exemption. The required statutory language was not present in any of Plaintiffs' Membership Agreements, and, therefore, I believe that they are ineligible to receive any of the homestead exemptions being requested in this case."

¶ 12    In their response, the plaintiffs alleged that "Camp *** does not indicate that the named Plaintiffs were ever informed of such a requirement and fails to indicate that such a requirement was made known, published or in any way discoverable by Plaintiffs, at the time of filing the appeal with the McDonough County Board of Review or any time before." Further, an affidavit filed by the plaintiffs' attorney stated, *inter alia*, that (1) he initially contacted the McDonough County Assessor's Office and the Department of Revenue in 2014 and 2015 when he submitted a representative copy of the Agreements for review as to whether any exemptions were available; (2) he was told by Camp that no exemptions would be given; (3) after the McDonough County Board of Review denied the 2017 appeal, he requested an in-person hearing with the Board; (4) he submitted a memorandum to the Board in conjunction with the hearing, which explained the reasons why he believed Wesley Estates' residents should receive homestead and senior-citizen exemptions; (5) the Board made no mention of the section 15-175(e) requirements at the hearing; (6) the McDonough County Assessor's website does not contain any mention of the section 15-175(e) requirements and does not even state that a leasehold can qualify a taxpayer for homestead exemptions. Attached to the attorney's affidavit were several documents, including one titled "Board of Review Rules" that the attorney downloaded from the assessor's website. That document contained no information regarding the reasons for denying assessment appeals.

¶ 13    The circuit court held a hearing on Graves' motion to dismiss on April 26, 2021. After arguments, the court granted Graves' motion because the language from section 15-175(e)(4) was not included in the Agreements. Notably, the court specifically found that neither the reasons why Graves denied the application for exemptions nor whether the Agreements constituted leases was dispositive.

¶ 14    The court issued its written order granting the motion to dismiss with prejudice on May 6, 2021. The plaintiffs appealed.

¶ 15                              II.  ANALYSIS

¶ 16    On appeal, the plaintiffs argue that the circuit court erred when it dismissed their second amended complaint with prejudice.

¶ 17    "A motion to dismiss, pursuant to section 2-619 of the Code, admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim." *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). When deciding a section 2-619 motion to dismiss, a court is required to " 'interpret all pleadings and supporting documents in the light most favorable to the nonmoving party.' " *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367-68 (2003) (quoting *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 189 (1997)). Our supreme court has also stated that the court "must accept as true all well-pled facts in the plaintiff's complaint and any reasonable inferences that arise from those facts." *Hernandez v. LifeLine Ambulance LLC*, 2020 IL 124610, ¶ 14. "The relevant question in assessing whether dismissal is proper under section 2-619 is whether a genuine issue of material fact exists that precludes dismissal or, in the absence of such an issue of fact, whether dismissal is proper as a matter of law." *Arbogast v. Chicago Cubs Baseball Club, LLC*, 2021 IL App (1st)

7

210526, ¶ 16. We review a circuit court's decision on a section 2-619 motion to dismiss *de novo*. *Hernandez*, 2020 IL 124610, ¶ 14.

¶ 18        In support of their argument, the plaintiffs make four separate claims. First, the plaintiffs argue that the circuit court erred when it found that the language from section 15-175(e)(4) had to appear in the Agreements. Notably, Graves does not make any argument that the circuit court's decision was correct based on its ruling on the section 15-175(e)(4) language issue. Rather, she asks this court to affirm on an issue left unresolved by the circuit court—namely, that the Agreements did not constitute leases.

¶ 19        Section 15-175 of the Code addresses general homestead exemptions. 35 ILCS 200/15-175 (West 2016). In relevant part, section 15-175(e)(4) provides:

> "(e) The chief county assessment officer may, when considering whether to grant a leasehold exemption under this Section, require the following conditions to be met:

> * * *

> (4) that the lease must include the following language in substantially the following form:

> 'Lessee shall be liable for the payment of real estate taxes with respect to the residence in accordance with the terms and conditions of Section 15-175 of the Property Tax Code (35 ILCS 200/15-175). The permanent real estate index number for the premises is (insert number), and, according to the most recent property tax bill, the current amount of real estate taxes associated with the premises is (insert amount) per year. The parties agree that

8

the monthly rent set forth above shall be increased or decreased pro rata (effective January 1 of each calendar year) to reflect any increase or decrease in real estate taxes. Lessee shall be deemed to be satisfying Lessee's liability for the above mentioned real estate taxes with the monthly rent payments as set forth above (or increased or decreased as set forth herein).' " *Id.* § 15-175(e)(4).

¶ 20 Because subsection (e)(4) clearly states that the chief county assessment officer has the discretion to require that language "*when considering whether to grant a leasehold exemption*" (emphasis added) (*id.* § 15-175(e)), a question is raised as to what procedures, if any, the chief county assessment officer must undertake in making his or her decision. In this regard, we note part of subsection (i):

"In all counties, the assessor or chief county assessment officer may determine the eligibility of residential property to receive the homestead exemption and the amount of the exemption by application, visual inspection, questionnaire or other reasonable methods. *The determination shall be made in accordance with guidelines established by the Department [of Revenue] \*\*\*.*"[1] (Emphasis added.) *Id.* § 15-175(i).

¶ 21 In November 2017, the McDonough County Board of Review denied Wesley Estates' exemption requests without stating any reasons for the denial. It was not until January 2021 that some reasons for the denial were disclosed—namely, in Camps' affidavit, wherein she stated that she did not believe the Agreements were leases and even if they were, she still would have

---

[1] Section 15-170, which addresses senior-citizen homestead exemptions, contains language nearly identical to section 15-175(i). 35 ILCS 200/15-170(h) (West 2016).

denied the requests because the Agreements lacked the section 15-175(e)(4) language that she required to appear in lease agreements. Whether the McDonough County Board of Review was obligated to disclose its reasons for the denial, or whether Camp was otherwise required to notify citizens of the County's requirements for homestead-exemption applications, is unknown, as is whether the onus for discovering those requirements could be placed on the plaintiffs in this case. However, interpreting the pleadings and supporting documents in the plaintiffs' favor, as we are required to do (*Van Meter*, 207 Ill. 2d at 367-68), we find unresolved factual issues in this preclude dismissal of the plaintiffs' complaint with prejudice on the asserted basis. Material factual disputes exist where the denial of exemptions was justified by a failure to include language claimed to be mandatory even though: (1) the statute described it as discretionary and (2) the plaintiffs were given no notice at the time they filed their application, three years before the dismissal, that the chief county assessor had made it mandatory, nor had plaintiffs been given such notice seven years prior to dismissal when Camp first reviewed a representative copy of the Agreements.

¶ 22        Lastly, we disagree with the dissent's claim that because section 15-175(e)(4) grants the chief county assessor the *discretion* to require certain language in leases, and because "all persons are presumed to know the law," the plaintiffs had adequate notice that they should include the section 15-175(e)(4) language in their Agreements. *Supra* ¶ 31. In fact, the case cited by the dissent, *McIntosh*, is inapposite, as that case involved application of the voluntary-payment doctrine, which generally provides that "taxes paid voluntarily though erroneously may not be recovered without statutory authorization." *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶ 25. In this case, there is no question that a statutorily provided process was followed that permits plaintiffs to seek relief from a property tax assessment that did not grant

homestead exemptions. Moreover, as one of the cases cited by *McIntosh* stated long ago, "[e]very man is supposed to know the law, and, if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as the reason why the state should furnish him with legal remedies to recover it back." *Yates v. Royal Insurance Co.*, 200 Ill. 202, 206 (1902). The axiom that "all persons are presumed to know the law" (*supra* ¶ 31) in this instance means only that the plaintiffs are charged with knowledge of a statute that contains a discretionary aspect and not that the discretionary aspect has been made mandatory by the appropriate entity.

¶ 23    For the foregoing reasons, we hold that the circuit court erred when it granted Graves' motion to dismiss based on the lack of certain statutory language in the Agreements. Because the assessment of the relevance and impact of these issues are best addressed by the trial court, we remand this case for further proceedings.

¶ 24    Our resolution of the section 15-175(e)(4) issue also obviates the need to address the plaintiffs' remaining arguments on appeal.

¶ 25                                  III.  CONCLUSION

¶ 26    The judgment of the circuit court of McDonough County is reversed and the cause is remanded for further proceedings.

¶ 27    Reversed and remanded.

¶ 28    JUSTICE HOLDRIDGE, dissenting:

¶ 29    I respectfully dissent. In sum, the majority finds that genuine issues of material fact precluded dismissal. It finds that (1) the denial of exemptions was justified by a failure to include language that the statute described as discretionary and (2) the plaintiffs were given no notice

11

that the chief county assessor made the subject language mandatory. I address each finding in turn.

¶ 30 First, Camp's affidavit provided that she, as the McDonough County Supervisor of Assessments, requires the language set forth in section 15-175(e)(4) of the Code (35 ILCS 200/15-175 (West 2016)) for a homestead exemption by a leaseholder applicant, and if the language is not present, the property is ineligible for a homestead exemption. This court has previously recognized that this statute "provides the chief county assessment officer with discretion to decide whether to impose the additional potential statutory requirements listed, [but that] it does not give the chief county assessment officer discretion to impose additional requirements that are not contained in the statute." *Shrake v. Rock Island County Treasurer*, 2019 IL App (3d) 180556, ¶ 21. Here, Camp's affidavit makes clear that the statutory language in section 15-175(e)(4) is required for the exemption, which the statute allows. It is discretionary as to whether Camp required the language, not whether the plaintiffs included it. Property tax exemptions "must be strictly construed because taxation is the rule and tax exemption is the exception." *Id.* ¶ 17.

¶ 31 Second, the plaintiffs are not entitled to notice that Camp made the language in section 15-175(e)(4) mandatory. The clear and unambiguous language of the statute provides that the language may be required at the discretion of the chief county assessment officer. This is sufficient notice as all persons are presumed to know the law. See *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶ 39. Therefore, exemption applicants are presumed to know that this language may be required to receive the exemption, and if they decide to exclude the language, they do so at their own peril.

¶ 32     For these reasons, I would find that no material fact existed to preclude dismissal and that dismissal was proper as a matter of law. Thus, I would affirm the circuit court's judgment.